<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY</u>

|  |  |
|---|---|
| FRANK PAUZA, :<br>:<br>Plaintiff, :<br>: Civil Action No. 06-2608 (JAG)<br>v. :<br>: **OPINION**<br>THE STANDARD GROUP, INC., et al., :<br>:<br>Defendant. :<br>: |  |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion (Docket Entry No. 44), filed by defendants, Standard Folding Cartons, Inc.[1] ("Standard") and Steven Levkoff ("Levkoff") (collectively, "Defendants"), seeking sanctions, pursuant to 28 U.S.C. § 1927, against plaintiff's counsel. For the reasons set forth below, this motion is denied.

Procedural Background

On April 7, 2006, plaintiff, Frank Pauza ("Plaintiff"), filed a complaint against Defendants in Superior Court in Essex County, alleging various causes of action arising out of the termination of his employment with Standard. Defendants removed this action to federal court on June 9, 2006. Shortly thereafter, Defendants moved to dismiss the complaint, pursuant to FED. R. CIV. P. 12(b)(6). This Court denied that motion on November 17, 2006, and

---

[1] In the Notice of Removal, Defendants note that "Standard Folding Cartons, Inc." was incorrectly named in the complaint as "The Standard Group, Inc." (Not. of Removal 1.)

Defendants filed an answer.

Magistrate Judge Madeline Cox Arleo held a scheduling conference on February 5, 2007, and a settlement conference on May 2, 2007.  Since the settlement conference was unsuccessful, Judge Arleo entered a pretrial order setting forth the schedule for discovery.  Judge Arleo extended the discovery deadlines several times, and ultimately entered a final pretrial scheduling order on February 1, 2008.  Pursuant to that order, Defendants filed a motion for summary judgment on March 31, 2008.  This Court granted that motion on December 31, 2008.

Defendants then filed the present motion, seeking sanctions against Plaintiff's counsel. Defendants' arguments focus on (1) the fact, according to Defendants, that Plaintiff's counsel filed the complaint "[k]nowing that he was relying solely on a January 27, 2005 e-mail" (Defs.' Br. in Support of their Mot. for Sanctions, Att'ys' Fees, Costs and Expenses [hereinafter "Defs.' Br."] 3); (2) "plaintiff's counsel's refusal to reasonably discuss settlement despite defendants' counsel's overtures" (id. at 4); and (3) Plaintiff's counsel's failure to disclose that Plaintiff had obtained new employment shortly after his termination from Standard, which demonstrated, according to Defendants, that "plaintiff's counsel instituted this action knowing that his client had no contract and even if the e-mail could be construed as a contract, he had no cognizable damages under the most basic contract principles"[2] (id. at 4-5 (emphasis in original)).  According to Defendants, Plaintiff's counsel's actions resulted in discovery being extended for an additional, unnecessary, and harassing 60 days.  (Id. at 5.)  Additionally, Plaintiff "vigorously

---

[2] This Court notes that Defendants' argument on this point is legally incorrect, pursuant to New York law.  See, e.g., Musman v. Modern Deb, Inc., 377 N.Y.S.2d 17, 19 (N.Y. App. Div. 1975) (holding that the severance provision in plaintiff's employment contract "fixes the exposure of the employer following a discharge without cause and thus serves to remove this case from the ordinary rule requiring the employee to mitigate damages").

opposed the motion" for summary judgment (id. at 7).[3]

## Legal Standard

Section 1927 provides that

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "The statute thus limits attorney sanctions imposed thereunder to those situations where an attorney has: (1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." LaSalle Nat'l Bank v. First Connecticut Holding Group, L.L.C. XXIII, 287 F.3d 279, 288 (3d Cir. 2002). "Consequently, sanctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." Id. (citing Zuk v. Eastern Pennsylvania Psychiatric Inst., 103 F.3d 294, 297 (3d Cir. 1996)).

"This bad faith requirement is seen necessary to avoid chilling an attorney's legitimate ethical obligation to represent his client zealously . . . If it were otherwise, an attorney who might be guilty of no more than a mistake in professional judgment in pursuing a client's goals might be made liable for excess attorneys' fees under section 1927." Baker Indus., Inc. v. Cerberus Ltd., 764 F.2d 204, 208-9 (3d Cir. 1985). "'Indications of this bad faith are findings that the

---

[3] Although Defendants state that Plaintiff attempted to reopen discovery six months after the motion for summary judgment was filed (Defs.' Br. 7), the docket sheet instead reflects a request to supplement the opposition to the motion for summary judgment (Docket Entry No. 40).

claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment.'" In re Prudential Ins. Co. America Sales Litig., 278 F.3d 175, 188 (3d Cir. 2002) (quoting Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed. of Teachers, AFL-CIO, 829 F.2d 1370, 1375 (6th Cir.1987)).

Analysis

Despite Defendants' urging, this Court cannot conclude that Plaintiff's counsel acted in bad faith in bringing this action, in failing to reach a settlement at an early stage of the case, in seeking discovery, or in opposing the motion for summary judgment.

As to the question of bringing the case in bad faith, this Court denied Defendants' motion to dismiss, thus demonstrating at least a plausible basis for Plaintiff's complaint. Thus, the complaint was not meritless, nor is there any evidence in the record that the complaint was filed in an effort to harass Defendants.[4]

Further, this Court cannot fault Plaintiff's counsel for not settling this case shortly after prevailing on a motion to dismiss, and before discovery had commenced. Clearly, this Court was not privy to the settlement discussions which occurred before Judge Arleo, and therefore does not know what offers were made by Defendants. As a result, this Court cannot credit Defendants' bald assertion that Plaintiff's counsel was unreasonable, or acting in bad faith, in not settling the

---

[4] As an aside, this Court wishes to bring to Defendants' counsel's attention what must have been an "over cite" regarding the proper holding in a seminal case on which Defendants rely here. That is, this Court expresses concern with Defendants' counsel's statement that Ford v. Temple Hosp., 790 F.2d 342 (3d Cir. 1986) held "that bringing baseless litigation evidenced bad faith and thus, attorneys' fees were proper." (Defs.' Br. 8.) To the contrary, the Third Circuit stated that "we hold that as a matter of law, on the unique facts of this case, the district court erred in ruling that the initiation of the complaint was in bad faith or frivolous." Ford, 790 F.2d at 349. Because this Court is confident this error must have been an oversight, no further action by this Court is necessary.

case at a relatively early stage in the proceedings.

In this Court's experience, extensions of discovery are routinely requested and routinely granted. Given the interstices of litigation, a request for a sixty day extension is not evidence, in the slightest, of bad faith.

Finally, opposing the motion for summary judgment did not draw out the litigation, and should not, under these circumstances, be a legitimate basis for sanctions.

Conclusion

This Court concludes that Defendants have failed to demonstrate Plaintiff's counsel acted in bad faith in bringing and pursuing this case. Since a court must find bad faith before imposing sanctions, pursuant to 28 U.S.C. § 1927, Defendants' motion for sanctions will be denied.


 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:   September 28, 2009